IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY CABLE**, | : | CIVIL ACTION NO. 1:07-CV-2079 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PFIZER, INC.**, *et al.*, | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 23rd day of September, 2008, upon consideration of the order of court (Doc. 16) dated September 5, 2008, which instructed plaintiff to file a brief in opposition to the motion to dismiss on or before September 19, 2008, and stated that failure to comply with the court's order would result in dismissal of the above-captioned matter for failure to prosecute, and it appearing that plaintiff has not complied with this order, see FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) of the Federal Rules of Civil Procedure as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and the court finding that plaintiff was advised of the necessity of complying with the court's order and is personally responsible for failing to do so, see id. at 868 (identifying "extent of the party's personal responsibility" as a factor), that plaintiff's conduct has prejudiced defendants by

requiring defendants to assume the cost of continued preparation for trial, see id. (identifying "[p]rejudice to the adversary" as a factor), that plaintiff's failure to respond to the order of court dated September 5, 2008 (Doc. 16) constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), that plaintiff's failure to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), that imposition of alternative sanctions may be effective in compelling plaintiff's response but not particularly useful given plaintiff's stated desire to give up her claims (Doc. 15 at 3), see also Poulis, 747 F.2d at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor),[1] and that the merits of plaintiff's claims cannot properly be adjudicated absent further briefing by plaintiff, see id. at 869-70 (identifying "[m]eritoriousness of the claim" as a factor),[2] it is hereby ORDERED that:

1. The claims against all defendants are DISMISSED with prejudice for failure to prosecute. See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

       S/ Christopher C. Connner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992). For example, the court finds that the "alternative sanctions" factor weighs slightly in plaintiff's favor, but is outweighed by the other factors, which weigh heavily in defendants' favor.

[2] The court finds this factor neutral.